**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **3:99-CR-0256** |
| **RICHARD ALLEN WOLFE** | : | **(JUDGE MANNION)** |
| **Defendant** | : | |

# MEMORANDUM

Pending before the court is defendant Richard Allen Wolfe's June 21, 2016 motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255, and his request to be re-sentenced without a career offender enhancement under the U.S. Sentencing Guidelines ("Guidelines") based on Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. 86). Wolfe claims that after *Johnson* his predicate offenses no longer constitute crimes of violence and that he is no longer a career offender under the Guidelines. Thus, he claims that his 262-month term of confinement violates due process of law and should be vacated. On November 7, 2016, the court granted the government's motion to stay this case pending a decision from the Supreme Court in Beckles v. United States, 136 S.Ct. 2510 (2016). The court also denied Wolfe's request to be released on bond pending this court's decision on his §2255 motion. (Doc. 92).

On July 18, 2017, the court issued an Order lifting the stay in this case since the decision in Beckles v. United States, 137 S.Ct. 886 (2017), had previously been issued. The court also directed Wolfe to file a supplemental brief in support of his motion regarding any effect of *Beckles* on his case and

directed the government to file a supplemental brief in response. (Doc. 94). On August 4, 2017, Wolfe filed his supplemental brief, (Doc. 95), and the government filed its brief in response on August 25, 2017, (Doc. 96). Wolfe filed a reply brief on September 8, 2017. (Doc. 97).

Based upon the court's review of the record in this case as well as the briefs of the parties, Wolfe's §2255 motion will be **DISMISSED** as untimely.

## I. BACKGROUND

On December 13, 1999, Wolfe was found guilty by a jury of bank robbery with a dangerous weapon in violation of 18 U.S.C. §2113(d). The probation office prepared a presentence investigative report ("PSR") and Wolfe was determined to be a "career offender" under U.S.S.G. §4B1.1 based on his prior Pennsylvania conviction for recklessly endangering another person and his prior conviction in federal court for two counts of bank robbery and two counts of bank robbery with a dangerous weapon. (PSR ¶'s 32 & 33). Pursuant to U.S.S.G. §4B1.1(c)(2)(A), Wolfe's sentencing guideline range was 262 to 327 months based on a total offense level of 34 and a criminal history category of VI. (PSR ¶ 64).

On June 19, 2000, the court adopted the PSR and sentenced Wolfe as a career offender to a term of 262 months confinement followed by a five-year term of supervised release.[1] Wolfe directly appealed his judgment of

[1]The sentencing judge was U.S. District Judge William J. Nealon. However, this case has since been re-assigned to the undersigned.

conviction and the Third Circuit affirmed it. *See* U.S. v. Wolfe, 245 F.3d 257 (3d Cir. 2001). Wolfe is currently serving his 262-month sentence at FCI-Ray Brook and his projected release date is January 17, 2019. (Doc. 90 at 3).

On June 21, 2016, Wolfe filed his first §2255 motion. (Doc. 86).

## II. DISCUSSION

Wolfe was sentenced on June 19, 2000, when the Sentencing Guidelines were mandatory, i.e., before United States v. Booker, 543 U.S. 220 (2005). In his §2255 motion, Wolfe states that he was sentenced as a "career offender" under the Guidelines, namely, U.S.S.G. §4B1.2(a) the residual clause of the Guidelines. He contended that the Guidelines' residual clause is unconstitutionally vague based on *Johnson*. In particular, Wolfe contends that based on *Johnson* he is not a career offender, he was prejudiced by the career offender status since he received a longer sentence and his 262-month sentence violates due process of law. He states that without the career offender enhancement his sentencing guideline is estimated to be 100 to 125 months based on an offense level of 24 and criminal history of IV. Wolfe states that his sentence under the mandatory career offender sentencing range was 137 months longer than the maximum prison term he would have received under the guidelines without the career offender designation. He seeks the court to grant his §2255 motion, vacate his sentence, and re-sentence him without the career offender enhancement. Wolfe also states that if was re-sentenced, the top of the non-career offender

guideline would be 125 months and he would be subject to immediate release from confinement.

In his supplemental brief, Wolfe argues that the Supreme Court's decision in *Beckles* does not preclude his instant challenge to his sentence under *Johnson*, since the Court only held in Beckles, 137 S.Ct. at 896, that "the advisory Sentencing Guidelines, including §4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." Wolfe states that the Supreme Court concluded in Beckles, id. at 897, that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, §4B1.2(a)'s residual clause is not void for vagueness." However, Wolfe points out that he was sentenced when the Guidelines were mandatory and thus, he states that since he was not sentenced under the advisory Guidelines, *Beckles* does not apply to his case. Wolfe contends that due process challenges like his still apply to the pre-*Booker* mandatory sentencing guidelines, under which he was sentenced, since they bound the court when it imposed sentences and they did not merely provide advice for the court in exercising its discretion as the advisory guidelines did. Wolfe states that "[u]nlike the sentencing court in *Beckles*, the Court in imposing [his] sentence could not have decided that a below guideline sentence was appropriate based on the sentencing factors set forth in 18 U.S.C. §3553(a) and could not have decided that his case warranted a different sentence regardless." Rather, he states that the court was required to impose a sentence on him within the career offender guideline range.

Wolfe states that the *Johnson* case applies to cases like his under the pre-*Booker* mandatory Guidelines and, that this court should grant his motion since the use of the career offender provisions in the mandatory Guidelines violate the Due Process Clause. He further argues that the *Johnson* case applies retroactively to the mandatory Guidelines, and that *Beckles* "confirms that *Johnson* constitutes a substantive rule that applies retroactively to mandatory guidelines sentences in light of Welch v. United States, 136 S.Ct. 1257 (2016)." Wolfe states that "[i]n limiting its holding to the advisory sentencing guidelines, *Beckles* became another of the 'multiple holdings that logically dictate the retroactivity of the new rule' announced in *Johnson* in the mandatory sentencing guidelines context."

Additionally, Wolfe contends that since *Johnson* constitutes a substantive decision that applies retroactively to mandatory sentencing guidelines cases like his, his §2255 motion, filed on June 21, 2016, is timely under 28 U.S.C. §2255(f)(3) since it was filed within one year of the June 26, 2015 *Johnson* decision. Wolfe maintains that the Court in *Beckles* only held that the advisory Guidelines were not subject to a vagueness challenge and that decision does not preclude him from challenging his mandatory Guidelines sentence based on *Johnson*. As relief, Wolfe requests the court to grant his §2255 motion, vacate his sentence and, re-sentence him without the career offender enhancement. Wolfe, alternatively, requests that if the court denies his §2255 motion, the court issue a certificate of appealability ("COA") to the Third Circuit for the Court to consider whether the holding in

*Beckles* effects sentences imposed under the mandatory Guidelines before *Booker*, i.e., whether Wolfe can assert a *Johnson* vagueness challenge to his mandatory Guidelines sentence.

The government argues that Wolfe's motion is untimely under 28 U.S.C. §2255(f)(1) and should be dismissed since his §2255 motion was filed more than one year after his conviction became final when the Supreme Court denied *certiorari* in his case on November 2, 2001. Pursuant to §2255(f)(1), the defendant must make this motion within one year of the date on which the judgment of conviction becomes final.

At issue in this case is whether the Supreme Court's decision in *Johnson* invalidating the "residual clause" of the Armed Career Criminal Act's ("ACCA") definition of a crime of violence for vagueness should also apply to mandatory Guidelines sentences, such as Wolfe's sentence under the career offender guideline range. The definition of crimes of violence in the Guidelines includes a residual clause identical to that in ACCA.

The government argues that Wolfe's §2255 motion was untimely filed and that he cannot rely upon 28 U.S.C. §2255(f)(3) to argue that his motion was timely filed within one year of the June 26, 2015 *Johnson* decision since the Supreme Court in *Beckles* did not directly declare that it established a new rule that the *Johnson* vagueness holding applied to mandatory Guidelines and, since the Court did not subsequently hold that such a rule retroactively applied to cases on collateral review. Thus, the government states that Wolfe's motion is not timely under 28 U.S.C. §2255(f)(3) since

*Johnson* did not create a "new rule" that is retroactively applicable to him. The government states that while the Supreme Court in *Beckles* held that the Guidelines are not subject to a vagueness challenge and limited its holding to advisory Guidelines sentences, its reasoning applies equally to Wolfe's pre-*Booker* mandatory Guidelines sentence.

For support of its position that Wolfe's motion is untimely, the government cites to the recent decision of United States v. Hemby, 2017 WL 3485791 (M.D.Pa. Aug. 15, 2017). After the government filed its supplemental brief, several other decisions were issued by courts in this district and one by the western district which, similar to the *Hemby* Court, also dismissed §2255 motions as untimely in which the defendants tried to rely upon *Johnson* to vacate their pre-*Booker* career offender sentences. *See* United States v. Kenney, 2017 WL 3602038 (M.D.Pa. Aug. 22, 2017); United States v. Blair, 2017 WL 5451714 (M.D.Pa. Nov. 14, 2017); Velazquez v. United States, 2018 WL 704682 (M.D.Pa. Feb. 5, 2018); Jackson v. United States, 2018 WL 704675 (M.D.Pa. Feb. 5, 2018); United States v. Waters, 2018 WL 287933 (W.D.Pa. Jan. 4, 2018);United States v. Scott, 2018 WL 656038 (M.D.Pa. Feb. 1, 2018). The courts in the *Kenny*, *Blair*, *Velazquez, Scott* and *Jackson* cases also issued a COA. This court finds the decisions in *Hemby, Kenny*, *Blair*, *Jackson, Waters* and *Velazquez* to be persuasive and, it agrees with the sound reasoning of the courts in those cases. As such, Wolfe's motion is untimely under 28 U.S.C. §2255(f)(3). Thus, as discussed below, the court will dismiss Wolfe's §2255 motion as untimely. Also, as in *Kenny*, *Blair*, *Scott,*

*Jackson, Waters* and *Velazquez*, the court will grant Wolfe's request for a COA.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. *See* United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Here, Wolfe is challenging his 262-month prison sentence. Thus, he is pursuing his proper avenue of relief *via* a section 2255 motion filed in this court since he was convicted and sentenced here. *See* §2255 ¶5 (the motion must be filed in "the court which sentenced him"). However, §2255 contains a statute of limitations which the government contends has long expired in Wolfe's case.

Specifically, in order for a §2255 motion to be effective, it must be timely filed within the restrictions set forth in §2255(f). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, imposes a one-year statute of limitations which is triggered by the latest of four events: (1) "the date on which the judgment becomes final"; (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review"; or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(f).

Wolfe contends that his §2255 motion is timely under §2255(f)(3) since it is based on *Johnson* and since he filed his motion within one year of *Johnson*. In U.S. v. Dublin, 629 Fed.Appx. 448, 451 (3d Cir. 2015), the Third Circuit stated that "[i]n *Johnson*, the Supreme Court struck down the so-called residual clause of this definition [of the ACCA]—'or otherwise involves conduct that presents a serious potential risk of physical injury to another'—as void for vagueness." Id. (citing Johnson, 135 S.Ct. at 2563). In particular, *Johnson* held that the residual clause of the ACCA definition of crime of violence, which was the same as the residual clause of §4B1.2(a) of the Guidelines, was unconstitutionally vague. The issue in this case is whether the new rule the Supreme Court announced in *Johnson*, which was made retroactive in *Welch*, applies to Wolfe's claim that his sentence as a career offender under the pre-*Booker* mandatory sentencing Guidelines should be vacated and, whether he should be re-sentenced without the career offender classification.

"The Supreme Court clarified the scope of *Johnson*'s holding in Beckles v. United States, 137 S.Ct. 886 (2017), where it held that the advisory sentencing guidelines are 'not subject to vagueness challenges under the Due Process Clause.'" Velazquez, 2018 WL 704682, *2 (citing Beckles, 137 S.Ct. at 895). The Supreme Court in Beckles, 137 S.Ct. at 892, explained as

follows:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4G1.2(a)(2) therefore is not void for vagueness.

The Court clarified in *Beckles* that, "We hold only that the advisory Sentencing Guidelines, including §4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." No doubt that "[t]he Supreme Court's decision in *Beckles* does not directly govern [Wolfe's] motion because [Wolfe] was sentenced in 200[0] pursuant to the pre-*Booker* career offender guideline, when the guidelines were mandatory." Velazquez, 2018 WL 704682, *3. As such, the question whether the vagueness doctrine applies to mandatory Guidelines, the Guidelines under which Wolfe was sentenced, was not decided by the Supreme Court. Therefore, the government states that "[i]t is thus apparent that there is no new rule of constitutional law declared by the Supreme Court applying the vagueness doctrine—retroactively or otherwise—to any provision other than ACCA, and all [§2255] petitions invoking *Johnson* but not based on ACCA should be denied", including a §2255 petition, like Wolfe's, challenging a mandatory Guideline sentence.

The court in Velazquez, 2018 WL 704682, *3, concluded that "in light of the Supreme Court's holding in *Beckles*, it is apparent that the right or 'new

rule' upon which Petitioner's Section 2255 motion relies has not yet been 'recognized' by the Supreme Court." Thus, the *Velazquez* Court "joined the many other district courts that have addressed this issue and either dismissed or denied *Johnson*-based Section 2255 motions challenging the residual clause of the pre-*Booker* mandatory sentencing guidelines as untimely." Id. (string citations omitted).

This court concurs with the stated decisions of the courts in this district as well as the decisions of the many courts in other districts cited for support by the *Velazquez* Court. *See id.*

In his reply brief, Wolfe cites to the case of In re Hoffner, 870 F.3d 301 (3d Cir. 2017), for support of his request that the court issue a COA. In *Hoffner*, the defendant requested authorization to file a second or successive §2255 motion under *Johnson* to challenge his sentence as a career-offender based on the residual clause of the pre-*Booker* mandatory guidelines. *See* Hoffner, 870 F.3d at 302-03. The Third Circuit granted Hoffner permission to file a successive §2255 motion, "holding that in light of *Johnson* and *Beckles*, Hoffner at least made a 'prima facie showing' that permitted the filing of a successive habeas corpus petition in the District Court." Blair, 2017 WL 5451714, *4 (citing Hoffner, 870 F.3d at 303, 312). However, the Third Circuit in *Hoffner* "made clear that it was not deciding [defendant's §2255] petition on the merits and delegated that task to the District Court." Id.

Based on the foregoing, Wolfe's §2255 motion, (Doc. 86), will be

dismissed as untimely. However, as in *Velazquez*, the court will dismiss Wolfe's motion without prejudice "to [his] ability to reassert the claim contained in [his §2255] motion in the event the Supreme Court announces that the pre-*Booker* mandatory sentencing guidelines are subject to a void for vagueness due process challenge." *Velazquez*, id. at *3 n. 6.

## III. CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the court will issue a COA, as Wolfe requests, because jurists of reason could debate whether Wolfe's motion should have been resolved differently. *See* Slack, 529 U.S. at 484; *see also Kenny*, *supra; Blair, supra; Scott, supra; Velazquez, supra*; *Jackson, supra*; and *Waters, supra*. In *Beckles*, the Supreme Court expressly declined to apply the vagueness holding of *Johnson* to advisory Guidelines, but it did not decide the question of whether *Johnson* applied to mandatory Guidelines. Thus, reasonable jurists could debate whether the rule in *Beckles* also applies

to mandatory Guidelines sentences. *See* Hoffner, 870 F.3d at 302-03.

## IV. CONCLUSION

The court finds that Wolfe's §2255 motion was untimely filed despite being filed within one year of the *Johnson* decision, since the court does not find that the new rule of constitutional law announced by the Supreme Court in *Johnson* applies to Wolfe's sentence under the pre-*Booker* mandatory sentencing guidelines. *See* 28 U.S.C. §2255(f)(3). Thus, Wolfe's 28 U.S.C. §2255 motion to vacate, set aside or correct sentence based on *Johnson,* (Doc. 86), is **DISMISSED AS UNTIMELY**. Wolfe's request for the court's issuance of a COA is **GRANTED** and, the court will issue a COA on the stated issue. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 26, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\1999 CRIMINAL MEMORANDA\99-0256-03.wpd